UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- X
                                        :
WILLIAM OREE,                           :
                     Petitioner,        :
                                        :     10 Civ. 4346 (DLC)
             -v-                        :
                                        :     OPINION AND ORDER
JAMES T. CONWAY,                        :
                     Respondent.        :
                                        :
--------------------------------------- X

APPEARANCES:

For petitioner:

William Oree, pro se
07-A-3271
Attica Correctional Facility
P.O. Box 149
Attica, NY 14011

For respondent:

Paul M. Tarr
Office of the Attorney General, New York State
120 Broadway
New York, NY 10271


DENISE COTE, District Judge:

     William Oree brings this timely filed pro se petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging

his conviction following a jury trial on the charges of second

degree assault, third degree robbery, and first degree escape,

and his sentence of twelve years to life imprisonment.  The

petition was referred to the Honorable Andrew J. Peck for a

report and recommendation (the "Report") on June 8, 2010.  The

Report was filed on March 1, 2011, and recommends that the petition be denied.  On March 18, 2011, Oree filed his objections.  For the following reasons, the Report is adopted and the petition is denied.

BACKGROUND

The facts relevant to the petition are set out in detail in the Report and are summarized here.  On May 29, 2006, Oree was arrested for forcibly taking a bicycle from Minkyung Cho.  On June 2, 2006, during a court appearance in connection with the bicycle robbery, Oree escaped from a second floor holding cell in the Manhattan criminal courthouse by forcing open a window and climbing down scaffolding to the street below.  New York Police Department Detective Raymond Clair pursued Oree.  After a brief chase Oree was caught, but in the process Detective Clair injured his hand and knee.

At trial, Detective Clair testified that while pursuing Oree, Detective Clair tackled him and slammed his own hand and knee to the ground with the force equivalent to "making a fist and punching a cement wall."  Detective Clair had a "large abrasion" on his knuckle that was bleeding and a "small abrasion" on his left knee.  Emergency medical technicians bandaged Detective Clair's wounds and placed an ice pack on his

2

knee.  Detective Clair felt "swelling pain" in his hand and pain in his knee for more than a week after the incident, and took Tylenol to manage the pain.

On February 9, 2007, a jury convicted Oree of third degree robbery, second degree assault, and first degree escape.  Oree was sentenced to twelve years to life imprisonment for the second degree assault conviction and two concurrent terms of two to four years imprisonment for the third degree robbery and first degree escape convictions.

Represented by new counsel, Oree appealed his conviction to the Appellate Division, First Department, based on two grounds: (1) the evidence of Detective Clair's injuries was insufficient to support a finding of "physical injury" for purposes of the charge of second degree assault; and (2) his sentence as a persistent violent felony offender was unconstitutional because "the maximum sentence was increased based on findings made by a judge, rather than a jury."  On January 13, 2009, the Appellate Division unanimously affirmed Oree's conviction.  People v. Oree, 58 A.D.3d 473 (N.Y. App. Div. 2009).  The New York Court of Appeals denied leave to appeal on April 24, 2009.  People v. Oree, 12 N.Y.3d 819 (2009).

On March 9, 2010, Oree moved pro se pursuant to N.Y.C.P.L. § 440.10 to vacate his conviction on the grounds that he

received ineffective assistance of trial counsel because:  (1) his attorney improperly advised him that, after the jury foreman had been sworn in, it was too late to proceed with a bench trial; and, (2) his attorney failed to effectively challenge the use of his prior felony conviction to enhance his sentence to life imprisonment.  Prior to submitting his § 440.10 motion, Oree requested an affidavit from his trial attorney.  In a letter dated February 25, 2010 and attached to Oree's § 440.10 motion, the attorney stated that because his "recollection regarding our decision not to waive a jury trial differs from yours, I am not going to be able to provide a helpful affidavit for your motion."  The Manhattan Supreme Court denied Oree's § 440.10 motion in its entirety on May 24, 2010.  The Appellate Division denied Oree's application for leave to appeal on October 7, 2010.

While his § 440.10 motion was pending, Oree filed this pro se petition on April 20, 2010.  The petition raises three challenges to Oree's conviction:  the two grounds that Oree cited as the basis for his direct appeal to the Appellate Division and the ineffective assistance of counsel claim that Oree made in his § 440.10 motion.  The Report concludes that all three claims lack merit.

4

Oree raises five objections to the Report:  (1) that the entire Report violates his right to have the petition decided by a district judge; (2) that the Report contains "bias rhetoric" suggesting partiality; (3) that the Report erroneously concludes that the evidence established the "physical injury" element for second degree assault; (4) that the Report improperly relies on the Supreme Court's ruling in Apprendi v. New Jersey, 530 U.S. 566 (2000), in rejecting Oree's challenge to his sentence; and, (5) that the Report wrongly rejected Oree's claim that he was deprived of his right to a bench trial due to ineffective assistance of counsel.

DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  Wilds v. United Parcel Serv., 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003).  De novo review is required before a district court can adopt those portions of a report to which a petitioner has objected. 28 U.S.C. § 636(b)(1).

5

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, modified the standard under which federal courts review § 2254 petitions where the state court has reached the merits of the federal claim.  Habeas relief may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. §§ 2254(d)(1), (d)(2).  State court factual findings "shall be presumed to be correct" and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  Id. at § 2254(e)(1).  The Report accurately states the governing AEDPA standard, and it is incorporated here.

First, Oree objects to the Report because neither party consented to review by a magistrate judge.  This argument is unavailing since § 636(b)(1)(B) permits a magistrate judge to issue reports regarding post-trial motions without the parties' consent.  See 28 U.S.C. § 636(b)(1)(B).  The magistrate judge has only issued a recommendation; the Court will issue a decision of the merits of the petition.

Second, Oree contends that the Report contains evidence of
bias, such as, "[o]n February 9, 2007, the jury convicted Oree
of third degree robbery (apparently finding no physical injury
to Cho) . . . ."  Oree claims that the parenthetical statement
reveals bias by "cast[ing] doubt(s) on a jury's determination as
to the verdict rendered."  Having reviewed the Report, this
Court rejects this objection.  The Report analyzes with care
each of the issues raised by Oree through his habeas petition.
There is nothing in either the language or substance of the
Report to suggest bias against Oree.

Third, Oree contends that his sentence under New York's
mandatory persistent violent felony offender statute, New York
Penal Law § 70.08, is unconstitutional.  This claim lacks merit.
The Report properly applied Apprendi, in which the Supreme Court
held that a court-imposed sentence enhancement based on a prior
conviction is constitutional.  Apprendi, 530 U.S. at 490.
Furthermore, in Portalatin v. Graham, 624 F.3d 69, 73 (2d Cir.
2010), cert. denied, 131 S. Ct. 1693 (2011), the Second Circuit
held that state court decisions affirming convictions under
N.Y.P.L. § 70.10, the New York persistent felony offender
statute, did not unreasonably apply clearly established Supreme

Court precedent.[1]   Accordingly, this objection is rejected.

In his fourth objection, Oree reiterates the argument made in his petition that trial counsel was ineffective when he misinformed Oree of his right to a bench trial.  The standard for ineffective assistance of counsel articulated in Strickland v. Washington, 466 U.S. 668 (1984), constitutes "clearly established law" under AEDPA.  Davis v. Greiner, 428 F.3d 81, 92 n.5 (2d Cir. 2005) (citation omitted).  The state court rejected on the merits Oree's claim that his attorney improperly advised him that it was too late to request a bench trial after the jury foreman had been sworn.  The court noted that Oree did not contest that he had been advised of his right to waive a jury trial, described strategic reasons why Oree may not have chosen to do so, and referred to Oree's failure to raise the issue with the trial court despite the invitation by the trial judge for Oree to let him know if he was unhappy with something.  Given this record, as the Report correctly observes, there is no basis to conclude that the state court's denial of Oree's ineffective

---

[1] Unlike the Portalatin petitioners, Oree was sentenced under § 70.08, New York's persistent violent felony offender statute. Nevertheless, the reasoning in Portalatin is controlling since under both New York Penal Law §§ 70.08 and 70.10, a sentence enhancement is based on prior felony convictions without additional judicial fact-finding.

assistance claim was an unreasonable application of the
Strickland standard.

Finally, Oree contends that, since Detective Clair's
testimony about his injury was embellished and not
credible, the Report errs in finding that the evidence at
trial was legally sufficient to establish the "physical
injury" element of second degree assault.  A § 2254
petitioner is "entitled to habeas corpus relief if it is
found that upon the record evidence adduced at the trial no
rational trier of fact could have found proof of guilt
beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S.
307, 324 (1979) (citation omitted).  This standard "must be
applied with explicit reference to the substantive elements
of the criminal offense as defined by state law."  Id. at
324 n.16.

A person is guilty of second degree assault when, "[w]ith
intent to prevent . . . a police officer . . . from performing a
lawful duty . . . he or she causes physical injury to such . . .
police officer."  N.Y.P.L. § 120.05(3).  New York Penal Law
§ 10.00(9) defines "physical injury" as an "impairment of
physical condition or substantial pain."  N.Y.P.L § 10.00(9).
To satisfy this requirement, the prosecution must establish that
the victim's injuries were more than "petty slaps, shoves, kicks

and the like." See Foster v. Miller, 04 Civ. 7990 (BSJ), 2007 WL 1893726 at *8 (S.D.N.Y. June 29, 2007) (citing Matter of Philip A., 49 N.Y.2d 198, 200 (1980)).

The First Department explicitly found that the trial evidence met the statutory threshold of physical injury.  In addition to Detective Clair's own testimony as to his injuries and subsequent pain, a fellow officer testified that blood was dripping down the detective's arm to his elbow.  Oree has not shown that based on the trial evidence "no rational trier of fact could have found proof . . . beyond a reasonable doubt" as to the physical injury element under § 120.05(3).  Jackson, 443 U.S. at 324 (emphasis supplied).  Accordingly, Oree's objection to this finding is rejected.


CONCLUSION

The petition for a writ of habeas corpus is denied.  In addition, the Court declines to issue a certificate of appealability.  Oree has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted.  Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.

Coppedge v. United States, 369 U.S. 438, 445 (1962).  The Clerk

of Court shall dismiss this petition and close the case.

     SO ORDERED:

Dated:    New York, New York
           July 6, 2011

                                        _____
                                           DENISE COTE
                    United States District Judge